Filed 8/1/14  P. v. Webb CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COPY

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C075374 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF132337) |
| v. | |
| GREG LEE WEBB, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we note an error and will affirm the judgment as modified.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

BACKGROUND

In June 2013, defendant Greg Lee Webb was living with his girlfriend. They got into an argument and he punched her in the face. She sustained a traumatic injury as a result of the assault.

A complaint charged defendant with two counts of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1] and two counts of infliction of corporal injury on a cohabitant (§ 273.5, subd. (a)). As enhancements, the complaint also alleged defendant personally inflicted great bodily injury during domestic violence (§ 12022.7, subd. (e)), sustained a prior strike conviction (§§ 667, subds. (c), (e)(1), 1192.7, subd. (a)), and four prior prison term enhancements (§ 667.5, subd. (b)).

Defendant entered a negotiated plea, whereby he pleaded no contest to one count of inflicting corporal injury on a cohabitant and admitted a prior strike conviction and serving a prior prison term, in exchange for a stipulated sentence of five years in prison with the remaining counts to be dismissed. The trial court sentenced defendant to a term of two years on the infliction of corporal injury, doubled pursuant to the strike enhancement with an additional consecutive one-year term for the prior prison term enhancement, for an aggregate sentence of five years. The trial court ordered defendant to pay a $300 restitution fund fine (§ 1202.4, subd. (b)), imposed and stayed a $300 parole revocation fine (§ 1202.45), a $30 court construction fee (Gov. Code, § 70373, subd. (a)(1)), and a $40 court operations fee (§ 1465.8). The trial court awarded defendant 288 days of presentence custody credits.

At the plea hearing, defendant entered his plea in exchange for dismissal of the remaining counts. At sentencing, the trial court failed to dismiss the remaining counts. We will order the remaining counts, two counts of assault with a deadly weapon and one

---

[1] Undesignated statutory references are to the Penal Code.

count of inflicting corporal injury on a cohabitant, and the remaining enhancement allegations dismissed.

Defendant did not obtain a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende, supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal.  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  We have undertaken an examination of the entire record pursuant to *Wende*, and we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified, dismissing the remaining counts and enhancement allegations.  As modified, the judgment is affirmed.


                                        HULL            , Acting P. J.



We concur:



        BUTZ            , J.



        MURRAY          , J.



3